# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

| | |
|---|---|
| RAY CHRISTOPHER WILCHER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NATIONSTAR MORTGAGE LLC, ) <br> *et al.*, ) <br> ) <br> Defendants. ) | Civil Action No. 3:18-CV-421–HEH |

## <u>MEMORANDUM OPINION</u>
### (Remanding Case to the Circuit Court for City of Richmond)

This matter is before the Court on Plaintiff Ray Christopher Wilcher's ("Plaintiff") Motion to Remand (ECF No. 12), filed on July 16, 2018. Defendant Nationstar Mortgage, LLC ("Nationstar") filed a Response in Opposition to Plaintiff's Motion (ECF No. 18) on July 30, 2018. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. *See* E.D. Va. Local Civ. R. 7(J). For the reasons that follow, the Court grants Plaintiff's Motion and remands this case to the Circuit Court for the City of Richmond, Virginia.

### I. BACKGROUND

This case concerns the ownership of a house located at 2223 Cobbs Street, Lynchburg, Virginia 24501 ("Property"). (Compl. ¶ 5, ECF No. 1-1.) The Property was originally purchased through a mortgage loan, which was evidenced by a note and secured by a deed of trust. (*Id.* ¶ 6.) Plaintiff alleges that he and his brother each

inherited a one-half ownership interest in the Property after their father died intestate in April 2016. (*Id.* ¶¶ 7–8.) Specifically, Plaintiff contends that at the time of his father's death, and not contingent on the submission of any documents, Plaintiff and his brother "succeeded to the rights of the borrower in the deed of trust." (*Id.* ¶¶ 8–10.)

Thereafter, Plaintiff attempted to make payments to keep the loan current, but an employee for Nationstar refused to accept payment without the submission of a death certificate and Real Estate Affidavit. (*Id.* ¶¶ 14–16.) In July 2016, Nationstar removed the trustee from the deed of trust and appointed Defendant Professional Foreclosure Corporation of Virginia ("PFC") as the substitute trustee. (*Id.* ¶ 17.) Plaintiff, by counsel, informed counsel for Nationstar and PFC that Plaintiff's attempts to make payments on the loan were denied. (*Id.* ¶¶ 19–20.) In October 2016, PFC foreclosed on the Property at the instruction of Nationstar. (*Id.* ¶¶ 24, 27.) Plaintiff contends that this foreclosure breached Federal Housing Administration ("FHA") regulations incorporated into the deed of trust and that both Defendants had knowledge of this breach at the time of the foreclosure. (*Id.* ¶¶ 20–23, 28–32.)

Plaintiff filed suit in the Circuit Court for the City of Richmond, Virginia, on April 27, 2018, asserting two counts against Nationstar for breaching the FHA regulations and one count against PFC for breach of fiduciary duty. (Compl. 3, 7, 9.) Nationstar filed its Notice of Removal on June 14, 2018. (Notice of Removal ¶ 31, ECF No. 1.) For purposes of this Court's diversity jurisdiction, Nationstar is a citizen of Texas and Delaware. (*Id.* ¶¶ 16–18.) Plaintiff and PFC are both citizens of Virginia. (Compl. ¶¶ 1, 3.) Plaintiff argues that this Court should remand this case to state court due to a lack of

complete diversity between Plaintiff and PFC. (Pl.'s Mot. to Remand 1, ECF No. 12.) Alternatively, Nationstar contends that PFC's citizenship is irrelevant to the Court's diversity jurisdiction analysis because PFC was fraudulently joined, or, in the alternative, is a nominal party. (Def.'s Resp. in Opp'n to Pl.'s Mot. to Remand 3–9, ECF No. 18.)

## II.   STANDARD OF REVIEW

As the removing parties, Defendants bear the burden of demonstrating that this Court has subject-matter jurisdiction. *Pressl v. Appalachian Power Co.*, 842 F.3d 299, 302 (4th Cir. 2016). Removing a proceeding from state court raises significant federalism concerns; accordingly, "[i]f federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

This Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . Citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). Diversity must be complete "such that the state of citizenship of each plaintiff must be different from that of each defendant" at the time an action commences. *Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999). The fraudulent joinder doctrine, however, presents an exception to the complete diversity requirement, whereby a federal court can disregard the citizenship of a fraudulently joined party in determining whether the court has jurisdiction under § 1332. *E.D. ex rel. Darcy v. Pfizer, Inc.*, 722 F.3d 574, 578 (4th Cir. 2013); *McFadden v. Fannie Mae*, 525 F. App'x 223, 227 (4th Cir. 2013) (citations omitted).

The party claiming fraudulent or improper joinder must show that a claim could not be established against the non-diverse defendant, even after resolving all issues of law and fact in the plaintiff's favor. *Mayes v. Rapoport*, 198 F.3d 457, 464 (4th Cir. 1999) (citing *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232–33 (4th Cir. 1993)).

> The removing party must establish that there is no possibility the plaintiff could establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts. A claim need not succeed to defeat removal; only a *possibility* of a right need be asserted.

*Sherman v. Litton Loan Servicing, L.P.*, 796 F. Supp. 2d 753, 759 (E.D. Va. 2011) (citations omitted). The Fourth Circuit counsels that the fraudulent joinder standard "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Hartley v. CSX Trans., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992)). Consequently, the defendant must shoulder a significant burden to establish fraudulent joinder. *Marshall*, 6 F.3d at 232–33.

The Fourth Circuit also recognizes the nominal party doctrine, which is another exception to the complete diversity requirement. *See Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 257 (4th Cir. 2013) ("Nominal parties are excepted from the requirement that all defendants join in or consent to removal to federal court."). A nominal party has "no immediately apparent stake in the litigation either prior or subsequent to the act of removal." *Id.* at 260. The key consideration is whether the party in question "has an interest in the outcome of the case." *Id.* at 261. "Determining nominal party status is a practical inquiry, focused on the particular facts and

circumstances of a case." *Id.* at 260 (citing *Shaugnessy v. Pedreiro*, 349 U.S. 48, 54 (1955) (noting that party status is determined by "practical considerations")).

## III. ANALYSIS

Plaintiff and PFC are both citizens of Virginia, which breaks the complete diversity required for this Court to exercise diversity jurisdiction under 28 U.S.C. § 1332. Therefore, in order for this case to proceed in federal court, Nationstar must establish that PFC's citizenship does not factor into the diversity jurisdiction analysis. In furtherance of that aim, Nationstar argues that PFC was fraudulently joined, or, in the alternative, that PFC is a nominal party. Either doctrine, if applicable, would allow this Court to disregard PFC's citizenship to the extent that it limits this Court from exercising original jurisdiction under § 1332. The applicability of both doctrines depends upon the viability of Plaintiff's breach of fiduciary duty claim against PFC. Upon review of the parties' arguments, and for the reasons that follow, this Court finds that Plaintiff's claim against PFC is viable under Supreme Court of Virginia precedent and that neither doctrine applies. Consequently, the case should be remanded to state court.

In determining whether removal is proper, federal courts must be "sensitive to the delicate nature of federal-State relations [and] must take care not to assume jurisdiction of a case or controversy that belongs exclusively before a State tribunal." *Thompson v. Gillen*, 491 F. Supp. 24, 27 (E.D. Va. 1980). In contrast to state courts of general jurisdiction, "[f]ederal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quotation marks omitted). At this stage of the case, the sole question before the

Court is whether, under the laws of the Commonwealth of Virginia, an action for breach of fiduciary duty could possibly lie against PFC. If so, the fraudulent joinder and nominal party doctrines are inapplicable, and the Court is without jurisdiction and must remand the action.

The Court's analysis begins and ends with the Supreme Court of Virginia's decision in *Squire v. Va. Hous. Dev. Auth.*, 758 S.E.2d 55 (Va. 2014). In *Squire*, the petitioner had a home loan secured by a deed of trust, which incorporated a regulation from the United States Department of Housing and Urban Development requiring the lender to arrange a face-to-face meeting with the borrower prior to foreclosing on the home. *Id.* at 60. The petitioner defaulted on her loan, and the substitute trustee conducted a foreclosure sale of her home. *Id.* at 58. Petitioner brought suit challenging the foreclosure and specifically alleged that the substitute trustee breached a fiduciary duty by foreclosing on her home, despite the fact that the lender had not arranged or attempted to arrange a face-to-face meeting.[1] *Id.* at 61. The substitute trustee filed a demurrer, which the trial court sustained. *Id.* at 59.

On appeal, the Supreme Court of Virginia found that the petitioner had sufficiently pled a claim against the substitute trustee to survive a demurrer. The Court explained that "'[a]t the demurrer stage, it is not the function of the trial court to decide the merits of the allegations set forth in a complaint, but only to determine whether the factual allegations pled and the reasonable inferences drawn therefrom are sufficient to state a cause of

---

[1] The petitioner in *Squire* brought additional claims against additional parties, but the action for breach of fiduciary duty against the substitute trustee is the only claim relevant to this Court's analysis.

action.'" *Id.* (quoting *Friends of the Rappahannock v. Caroline Cty. Bd. of Supervisors*, 743 S.E.2d 132, 135 (Va. 2013)). The Court further explained that a trustee's power to foreclose derives from the deed of trust and "'[t]hat power does not accrue until its conditions precedent have been fulfilled.'" *Id.* at 60 (quoting *Matthews v. PHH Mortg. Corp.*, 724 S.E.2d 196, 199 (Va. 2012)). Because the petitioner pled that the substitute trustee breached a fiduciary duty by holding the foreclosure sale prior to the required face-to-face meeting, and because she was damaged, the Supreme Court of Virginia held that the circuit court erred in sustaining the substitute trustee's demurrer, and remanded the case to the circuit court for further proceedings. *Id.* at 61.

Similarly, in the present case, Plaintiff alleges that PFC, the substitute trustee, foreclosed on the Property despite its knowledge that doing so breached FHA regulations incorporated into the deed of trust. According to Plaintiff, PFC was under notice by counsel that Nationstar had refused to accept payment from Plaintiff, which purportedly rendered foreclosure in violation of FHA regulations. (Compl. ¶¶ 19–23.) Nevertheless, PFC foreclosed on the Property. (*Id.* ¶ 27.) Thus, as in *Squire*, Plaintiff alleges that the substitute trustee breached its fiduciary duty to him by foreclosing on the Property before its right to do so accrued, and that such a cause of action exists under Virginia law. (*Id.* ¶¶ 45–47.)

Nationstar acknowledges the *Squire* case in its Response in Opposition to Plaintiff's Motion to Remand; however, it argues that this Court should disregard the Supreme Court of Virginia's determination in *Squire*, citing minimal analysis with respect to the breach of fiduciary duty claim. (Def.'s Resp. in Opp'n to Pl.'s Mot. to

Remand 7–8.) To be sure, this Court is frequently required to answer unresolved questions of state law. That is the natural and inevitable consequence of diversity jurisdiction. But, when the question at hand is whether that jurisdiction has been properly invoked, the Court's role is much more limited. The sole question that must be asked is whether any factual or legal possibility exists whereby diversity jurisdiction would be improper.

Thus, based upon the holding in *Squire*, it is possible that Virginia law supports a claim of breach of fiduciary duty against a substitute trustee under the circumstances alleged by Plaintiff. Accordingly, PFC was not fraudulently joined because the possibility exists that Plaintiff could establish a cause of action against it. *See Mayes*, 198 F.3d at 464. Likewise, PFC cannot be considered a nominal party with no interest in the outcome of this case due to that same possibility. *See Hartford*, 736 F.3d at 260. PFC's citizenship is therefore relevant to the Court's analysis of its diversity jurisdiction over this case. As a result of Plaintiff and PFC's shared citizenship of the Commonwealth of Virginia, complete diversity fails under 28 U.S.C. § 1332, and the Court must remand the case.

An appropriate Order will accompany this Memorandum Opinion.

It is so ORDERED.

/s/
The Honorable Henry E. Hudson
Senior United States District Judge

Date: Sept 19, 2018
Richmond, VA